| | | |
|---|---|---|
| 1 | **SNELL & WILMER L.L.P.**<br>Becca Wahlquist (SBN: 215948) | MANDATORY |
| 2 | bwahlquist@swlaw.com<br>SNELL & WILMER L.L.P. | CHAMBERS COPY |
| 3 | 350 South Grand Ave., Suite 2600<br>Two California Plaza | |
| 4 | Los Angeles, CA 90071<br>Telephone: 213.929.2500 | NOTE CHANGES MADE BY THE COURT. |
| 5 | Facsimile: 213.929.2525<br>Attorneys for Defendant UTC Fire & | |
| 6 | Security Americas Corporation, Inc. | |
| 7 | **LAW OFFICES OF TODD M.<br>FRIEDMAN, P.C.** | **KAZEROUNI LAW GROUP, APC**<br>Abbas Kazerounian, Esq. (SBN: |
| 8 | Todd M. Friedman (SBN: 216752)<br>tfriedman@attorneysforconsumers.com | 249203)<br>ak@kazlg.com |
| 9 | Adrian R. Bacon (SBN: 280332)<br>abacon@attorneysforconsumers.com | Assal Assassi, Esq. (SBN: 274249)<br>assal@kazlg.com |
| 10 | 324 S. Beverly Dr. #725<br>Beverly Hills, CA 90212 | 245 Fischer Ave., Ste. D1<br>Costa Mesa, CA 92626 |
| 11 | Telephone: 877.206.4741<br>Fax: 866.633.0228 | Telephone: 800.400.6808<br>Facsimile: 800.520.5523 |
| 12 | Attorneys for Plaintiffs | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 17 | EDWARD MAKARON, AND<br>BIANCA CARTER, | Case No. 2:14-cv-01274 GW (AGR) |
| 18 | INDIVIDUALLY AND ON<br>BEHALF OF ALL OTHERS | **[PROPOSED] STIPULATED<br>PROTECTIVE ORDER** |
| 19 | SIMILARLY SITUATED, | |
| 20 | Plaintiffs, | |
| 21 | v. | NOTE CHANGES MADE BY THE COURT. |
| 22 | UTC FIRE & SECURITY<br>AMERICAS CORPORATION, | |
| 23 | INC.; SECURITY ONE ALARM<br>SYSTEMS; AND DOES 1-10 | |
| 24 | INCLUSIVE, | |
| 25 | Defendants.[1] | NOTE CHANGES MADE BY THE COURT. |

---

[1] This Protective Order is entered into solely between Plaintiffs and Defendant UTC Fire & Security Americas Corporation.

2:14-CV-01274-GW-AGR

[PROPOSED] STIPULATED PROTECTIVE ORDER

## ORDER

Upon stipulation of the Plaintiffs and Defendant UTC Fire & Security Americas Corporation, Inc. ("UTCFSA"), and upon review of the court record in this matter and for good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The Court hereby enters the following protective order in this case to govern the treatment of materials marked by a Designating Party as "CONFIDENTIAL" or as "CONFIDENTIAL—ATTORNEYS' EYES ONLY".

1. **DEFINITIONS.**

    1.1. "Material" refers to any document, data compilation, testimony, or other information in any form produced or disclosed in This Action (including copies), whether voluntary or through any means of discovery authorized by law, and whether by a party or non-party.

    1.2. "CONFIDENTIAL" refers to Material a party in good faith believes that disclosure of which may present a risk of injury to the legitimate business interests of the Disclosing Party or any other legitimate interest and which Material is designated as "CONFIDENTIAL." Information subject to a "CONFIDENTIAL" designation includes, but is not limited to, all Materials reflecting, referring to, or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law, state or federal income tax returns and schedules filed therewith, operational plans and forecasts, and all private or sensitive commercial, financial, personal or personnel, underwriting, rating, claims, and insurance policy information. Information subject to a "CONFIDENTIAL" designation may take the form of, but is not limited to: (a) documents, interrogatories, requests for admission, and answers thereto; (b) hearing or deposition transcripts and related exhibits; and (c) all copies, abstracts, excerpts, analyses, and complete or partial summaries prepared from or containing, reflecting, or disclosing such confidential information.

1.3. "CONFIDENTIAL—ATTORNEY'S EYES ONLY". CONFIDENTIAL—ATTORNEY'S EYES ONLY refers to Material that meets the CONFIDENTIAL designation requirements of Section 1.2 and is considered so proprietary or competitively sensitive that its disclosure to persons other than those enumerated in Section 4.3 below could cause irreparable competitive or other injury to one or more of the parties or to a competitor of one of the parties (for instance, by giving one of the parties a competitive advantage). Examples of "Confidential – Attorney's Eyes Only" includes, but is not limited to, trade secrets (as trade secrets are defined by the Uniform Trade Secrets Act or applicable state statute or law), business plans or forecasts, and financial plans and forecasts.

1.4. "Disclosing Party" refers to a party or non-party to This Action who produces Material.

1.5. ""Designating Party" refers to a party or non-party to This Action who designates material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY.

1.6. "Requesting Party" refers to a party who has made a discovery request.

1.7. "Receiving Party" refers to a party who receives Material.

1.8 "This Action" refers to this case, *Makaron et. al. v. UTC Fire & Security Americas Corporation, Inc.*, Case No. 2:14-cv-01274-GW-AGR, and any related mediation, arbitration, appeal, or action.

2. **SCOPE OF PROTECTIVE ORDER.**

2.1. Except as the parties may otherwise agree or the Court may order, Material produced in This Action, whether or not designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY, including any excerpt, analysis, summary, or description of that Material, shall be used solely for the prosecution or defense of This Action, including appeals and shall not be used for any other purpose, including any business purpose.

2.2. This Order shall govern all Material produced in This Action, including Material produced prior to entry of this Order.

2.3. The protections of this Order shall not apply to Material that, prior to disclosure in This Action, was within the actual possession or knowledge of a Receiving Party but was not subject to any confidentiality obligation between the parties, or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party. However, material that was in the hands of the Receiving Party prior to disclosure in This Action and that was subject to a confidentiality obligation between the parties shall be made subject to this Order. Any party who claims that the Material was, prior to disclosure in This Action, within its actual possession or knowledge and was not subject to a confidentiality obligation or was public knowledge shall have the burden of proving this fact.

3. **DESIGNATION OF MATERIAL AS CONFIDENTIAL OR CONFIDENTIAL—ATTORNEY'S EYES ONLY.**

   3.1. **General Provisions**.

   3.1.1. A Disclosing Party may designate Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY only if the Material (1) is CONFIDENTIAL, as defined by Section 1.2, or CONFIDENTIAL—ATTORNEY'S EYES ONLY as defined by Section 1.3; and (2) is not excluded from the scope of this Order by Section 2.3.

   3.1.2. To designate a document as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY, the Disclosing Party may (1) either mark each page of a copy of a paper document that contains such information (2) label other media containing such information with the words "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER" prior to the production to the other party, or at such time

as the Disclosing Party learns that a document is confidential or (3) proceed in accordance with Section 3.4 below. When CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY Material is supplied or stored on an electronic medium, the CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container or such medium.

   3.1.3. To designate materials produced by any other party or person as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY, the Designating party shall provide written notice to all other parties specifying the documents or material to be designated and provide replacement copies within fifteen days of production of the document.

   3.2. **Depositions**.

   3.2.1. All deposition transcripts and exhibits from depositions taken in This Action shall be deemed "CONFIDENTIAL" from the time of the deposition until fifteen (15) calendar days after the official transcript of the deposition testimony becomes available. To designate deposition testimony, or exhibits thereto, as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY, the Designating Party shall make an oral statement on the record to that effect during the deposition, which shall specify the particular portion of the deposition or the exhibit that is confidential. Alternatively, for depositions, the Designating Party may provide written notice to all other parties within fifteen days after the official transcript becomes available that such testimony is confidential, designating the confidential information by page and line description or exhibit description.

   3.2.2. Any document, deposition transcript (or portion thereof), or exhibit designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY as provided herein, copies thereof, and information contained in the designated portion(s) shall be subject to the restrictions set forth herein. Failure to

designate exhibits to a deposition as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY shall not waive or affect in any way a designation for previously-designated documents or exhibits, and such documents shall remain subject to the applicable provisions of this Protective Order. The designation of any portion of a deposition as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY shall not constitute a designation for any documents used or produced therein, if such documents are not independently designated as provided herein.

3.3. **Third Parties**. Any person not a party to This Action who is requested by subpoena or otherwise to produce documents or information or to give testimony in connection with This Action may designate Material that it produces or provides as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY pursuant to this Protective Order. Such Material and designations shall be subject to the provisions of this Protective Order.

3.4. **Inspection.** If documents, physical objects, or other Material within the possession, custody, or control of a party or third party are voluminous or produced as they are kept in the usual course of business that CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY designations prior to inspection are impracticable, such materials may be made available for inspection during the course of discovery prior to numbering, duplication, and/or final delivery. During the inspections, all such documents, objects, or Material shall be treated by the attorney, expert, or consultant making the inspection as CONFIDENTIAL—ATTORNEY'S EYES ONLY for purposes of the inspection, and neither the documents themselves nor oral or written descriptions of the Material shall be disclosed contrary to the terms of this Protective Order, until the Disclosing Party has a reasonable opportunity to make designations as set forth in this paragraph. If, based on an inspection as described in this paragraph, the inspecting party notifies the Disclosing Party of its desire to make copies of any

such documents or to receive any such physical objects or other Material, the Disclosing Party may at that time designate any copies made or items provided as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY. In lieu of marking the original of a document, if the original is not produced, the producing party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

3.5. **Non-Waiver**. The Disclosing Party's failure to designate Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY at the time of production or disclosure of the Material does not waive its right later to designate the Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked either CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY. Within five (5) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked items and all copies thereof. In lieu of substitute copies, the parties may mutually agree that previously-provided copies can be marked as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY. After any designation, each Receiving Party shall treat the designated Material as either CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY and subject to the protections of this Order.

3.6. **Challenging Confidentiality Designations**. If a Receiving Party disputes the confidentiality designation of a particular document or category of documents, the Parties will confer in a good faith to attempt to resolve any dispute. In the event the Parties cannot resolve the dispute, the Receiving Party may challenge the confidentiality designation by motion *pursuant to Local Rule 37*. On such a motion, the Designating Party bears the burden of proving that the challenged Material is entitled to be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY under Fed. R. Civ. P. 26(c)(1). The challenged Material shall be

1 | treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY
2 | pending a ruling on the motion.
3 | **4.    USE, HANDLING, AND DISCLOSURE OF CONFIDENTIAL OR
4 | CONFIDENTIAL—ATTORNEY'S EYES ONLY MATERIAL.**
5 | 4.1.   <u>Use and Handling of CONFIDENTIAL or
6 | CONFIDENTIAL—ATTORNEY'S EYES ONLY Material</u>.
7 | 4.1.1. To the extent any Material filed with the Court, including
8 | pleadings, exhibits, transcripts, answers to interrogatories, and responses to requests
9 | for admission, contains or reveals CONFIDENTIAL or CONFIDENTIAL—
10 | ATTORNEY'S EYES ONLY Material, the Material or any portion thereof shall be
11 | filed under seal _with an application to file_ 
12 | _pursuant to Local Rule 79-5._
   | 4.1.2. All copies, duplicates, extracts, summaries, or descriptions
13 | (collectively "copies") of Materials designated as CONFIDENTIAL or
14 | CONFIDENTIAL—ATTORNEY'S EYES ONLY, or any portion thereof, shall
15 | immediately be affixed with the words "CONFIDENTIAL" or
16 | "CONFIDENTIAL—ATTORNEY'S EYES ONLY" if such a word does not
17 | already appear.
18 | 4.1.3. Material designated as CONFIDENTIAL or
19 | CONFIDENTIAL—ATTORNEY'S EYES ONLY shall not be posted on the
20 | Internet or in any other public forum, except to the limited extent such materials are
21 | made available for review through an Electronic Case Filing system _or other records system_ provided by
22 | the Court.
23 | 4.1.4. Material designated as CONFIDENTIAL or
24 | CONFIDENTIAL—ATTORNEY'S EYES ONLY does not lose protected status
25 | through unauthorized disclosure, whether intentional or inadvertent, by a Receiving
26 | Party. If such a disclosure occurs, the parties shall take all steps reasonably
27 | required to assure the continued confidentiality of the Material.
28 | ///

4.2. **Restrictions on Use and Disclosure of CONFIDENTIAL Material**. Any Material that is designated CONFIDENTIAL shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and is subject to the terms of this Order:

    4.2.1. The parties, including in-house counsel, officers, directors, partners, employees, or agents of a party required to provide assistance in the conduct of the litigation;

    4.2.2. The Court and its staff;

    4.2.3. Outside counsel or the parties in This Action;

    4.2.4. Members of the legal, paralegal, secretarial, or clerical staff of such outside counsel who are assisting in or responsible for working on This Action;

    4.2.5. Former officers, directors, partners, employees, or agents of the parties; or outside consultants, investigators, or experts of the parties; provided they first be advised of and agree in writing to be bound by the provisions of this Order and sign Exhibit A attached to this Order.

    4.2.6. Court reporters during depositions or hearings in This Action;

    4.2.7. Deponents during depositions or witnesses during hearings in This Action;

    4.2.8. Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the CONFIDENTIAL Material being disclosed, or who have been participants in a communication that is the subject of the CONFIDENTIAL Material and form whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have had participated; except that, unless and until counsel confirms that any such persons have had

///

access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

   4.2.9. Employees of third-party contractors of the parties involved solely in providing copying services or litigation support services such as organizing, filing, coding, converting, storing, or retrieving Material connected with This Action; and

   4.2.10. Any other person to whom the Parties agree in writing, provided they agree to be bound by the provisions of this Order and sign Exhibit A attached to this Order.

  4.3. **Restrictions on Use of CONFIDENTIAL—ATTORNEY'S EYES ONLY Material**. Any Material that is designated CONFIDENTIAL—ATTORNEY'S EYES ONLY shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and is subject to the terms of this Order:

   4.3.1. The court and its staff;

   4.3.2. Outside counsel for the parties in This Action;

   4.3.3. Members of the legal, paralegal, secretarial, or clerical staff of such outside counsel who are assisting in or responsible for working on This Action;

   4.3.4. Outside consultants, investigators, or experts (collectively "experts") of the parties in This Action;

   4.3.5. Court reporters during depositions or hearings in This Action;

   4.3.6. Deponents during depositions or witnesses during hearings in This Action, except that a Receiving Party may not show Confidential-Attorneys' Eyes Only Material to its own witness unless the witness is entitled to see such information under the terms of this Protective Order or by agreement of the Producing Party.

///

4.3.7. Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the CONFIDENTIAL—ATTORNEY'S EYES ONLY Material being disclosed, or who have been participants in a communication that is the subject of the CONFIDENTIAL—ATTORNEY'S EYES ONLY Material and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated; except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

4.3.8. Employees of third-party contractors of the parties involved solely in providing copying services or litigation support services such as organizing, filing, coding, converting, storing, or retrieving Material connected with This Action; and

4.3.9 Any other person to whom the Parties agree in writing, provided they agree to be bound by the provisions of this Order and sign Exhibit A attached to this Order.

4.4. **Experts**.

4.4.1. Prior to disclosure of any CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY Material to any expert employed by the parties or counsel for the parties to assist in the preparation and litigation of This Action, he or she must first be advised of and agree in writing to be bound by the provisions of this Order and sign Exhibit A attached to this Order. Copies of such writings, except as to those persons whose identities need not be disclosed in discovery, shall be produced to other parties upon written request.

///
///

   4.4.2 The parties expressly agree that the provisions of Federal Rule of Civil Procedure 26(b)(4), concerning communications with experts and draft expert reports, effective as December 1, 2010, shall govern This Action.

**5.**  **OTHER PROVISIONS.**

  5.1. Any third party producing Materials in This Action may be included in this Order by endorsing a copy of this Order and delivering it to the Requesting Party, who, in turn, will serve it upon counsel for the other parties.

  5.2. This Order shall not prevent any party from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court.

  5.3. This Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Order.

  5.4. Except as provided for in this Order, nothing in this Order, nor any actions taken pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party, including the right of either party to object to the subject matter of any discovery request. Furthermore, nothing in this Order, nor any actions taken pursuant to or under the provisions of this Order shall have the effect of proving, suggesting to prove, or otherwise creating a presumption that information disclosed in this action is confidential, a trade secret, or proprietary, as it pertains to the parties' respective claims in This Action.

  5.5. After the final termination of this litigation, including any appeal, each counsel of record, shall within 60 days of such request: assemble and return to the counsel of record, all Material in their possession or control, embodying information designated CONFIDENTIAL or CONFIDENTIAL— ATTORNEY'S EYES ONLY, including all copies and electronic copies thereof, except that each counsel of record may maintain one archive copy of all pleadings, correspondence, deposition transcripts, deposition exhibits, trial transcripts, and

trial exhibits, together with any attorney work product, provided that such archive copy be appropriately marked as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY and be retained in accordance with the terms of this Order.

5.6. Counsel for any party may exclude from the room at a deposition, or other discovery proceedings or at a discovery hearing, during any questioning that involves CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY Material, any person (other than the witness then testifying) who is not permitted the disclosure of such Material under this Order.

5.7. Inadvertent production of documents subject to any privilege or immunity shall not constitute a waiver in whole or in part of the privilege or immunity provided that the Producing party notifies the parties in writing of such inadvertent production within ten (10) business days from the discovery of the inadvertent production. Such inadvertently produced documents and all copies thereof shall be returned to the producing person upon request within five (5) business days. No use may be made of inadvertently produced documents subsequent to the request to return them. Nothing in this Protective Order shall limit the parties from requesting that the Court order the production of any inadvertently produced documents. Nothing in this Protective Order prevents any producing person from petitioning the Court for return of later-discovered, inadvertently produced documents that are subject to a privilege or immunity.

5.8. Nothing in this Order shall bar or otherwise restrict any counsel of record from rendering advice to his or her client with respect to this Action and, in the course thereof, from referring to or relying in a general way upon his or her examination of any CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall make no disclosure of the contents or the source of any CONFIDENTIAL or

CONFIDENTIAL—ATTORNEY'S EYES ONLY Material if such disclosure would be contrary to the terms of this Order.

**IT IS SO ORDERED.**

Dated: 2/17/15

*Alicia G. Rosenberg*
Alicia G. Rosenberg
United States Magistrate Judge

We hereby stipulate and agree to the foregoing Protective Order and approve it as to form and substance:

DATED this 23rd day of January, 2015:

      SNELL & WILMER L.L.P.


By: /s/ Becca Wahlquist
Becca Wahlquist
SNELL & WILMER L.L.P.
350 South Grand Ave., Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: 213.929.2500
Facsimile: 213.929.2525

Attorneys for Defendant UTC Fire & Security Americas Corporation, Inc.


      KAZEROUNI LAW GROUP, APC


By: /s/ Matthew Loker
Abbas Kazerounian, Esq.
Matthew Loker, Esq.
Assal Assassi, Esq.
245 Fischer Ave., Ste. D1
Costa Mesa, CA 92626

Attorneys for Plaintiffs


**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5.4.3.4(a)(2)(i), I hereby attest that the signatories listed and on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing thereof.

Dated: January 23, 2015


By: /s/ Becca Wahlquist
Becca Wahlquist

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Makaron, et. al. v. UTC Fire & Security Americas Corporation, Inc.*, Case No. 2:14-cv-01274-GW-AGR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [print or type full address] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____